UNITED STATES of America
v.
**Reginald A. LUCAS, Appellant.**
**No. 23428.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 19, 1970.

Mr. Thomas J. Lannon, Washington, D. C. (appointed by this Court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Miss Ruth R. Banks, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and WILKEY, Circuit Judge, in Chambers.

PER CURIAM:

Appellant was found guilty on a four-count indictment for narcotics violations. On 30 July 1968 two plainclothes officers riding in a civilian-type truck observed appellant on the sidewalk in a group of two known users of narcotics. The officers stopped, alighted, and approached the group. When more than ten feet away and before the officers had identified themselves, appellant broke and ran. The officers pursued, their quarry eluded them, but maladroitly discarded in flight an envelope. Its con-

tents were recovered and tested as a narcotic of the opium group.

On 2 August 1968 the same officers, dressed in civilian clothes and riding in an unmarked car, again observed appellant, this time near a known hangout for narcotics users. One officer approached appellant Lucas and inquired his name. Being given the name "Jackson," the police officer said, "Are you sure that is your name," pulled out a picture and showed it to appellant, and further asked, "Isn't that you?" Appellant again took flight. This time the officers were successful in apprehending him, but not before they observed him pull something from his right pocket and attempt to place it in his mouth. These, too, turned out to be gelatin capsules with a white powder in them, and proved to be narcotics.

■ Appellant alleges error because in the trial testimony the officer, while recounting the circumstances above, referred to his display of the photograph to appellant after being given the false name of "Jackson." At a pre-trial hearing the trial judge had ordered no prior convictions of appellant were to be introduced in evidence, hence appellant contends that the reference to the photograph was in fact a reference to a prior conviction of appellant. With this we cannot agree. The reference to the photograph was called for only as incidental to the description of events; it was in response to the appellant giving a false name, an effort by the officer to make identification at the time. It was not highlighted at the trial, and the mere fact that the police officer had in his possession a photograph of appellant does not mean that appellant had ever been convicted of a crime. It could have been a nonpolice photograph; it could have been a police photograph made without appellant ever having been convicted. Barnes v. United States,[1] upon which appellant relies, involved two photographs: One was a typical police photo introduced in evidence, which this court found prejudicial; the other was an ordinary snapshot which this court held "presented no problem." Here whatever photograph the policeman had in his possession was never introduced in evidence and the reference to it was only incidental.

■ Appellant also makes the interesting contention that he was "arrested" at the first encounter on 30 July, when the police were unsuccessful in catching him. He alleges not only arrest, but arrest without probable cause, and that therefore the narcotics recovered by the police after he discarded them in flight should never have been introduced in evidence. We find no arrest in the incident on 30 July, and no reason to determine whether there was any probable cause for an arrest. The police were in old clothes, not uniforms; they never identified themselves as police; they never exchanged a single word with appellant before he took off in flight; there was never any physical contact between police and appellant; there was neither an actual nor a constructive seizure or detention. Terry v. Ohio;[2] Allen v. United States.[3] In Rios v. United States,[4] relied on by appellant, the police surrounded the taxicab in which the defendant was seated, identified themselves as police, whereupon he proceeded to drop an envelope on the floor. There, there was a close question as to when the arrest occurred, and the Supreme Court remanded for a determination of that particular question. The question is not close here. There was no arrest at the time of the first instance on 30 July. The conviction is therefore

Affirmed.

1. 124 U.S.App.D.C. 318, 365 F.2d 509 (1966).

2. 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

3. 129 U.S.App.D.C. 61, 390 F.2d 476 (1968).

4. 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960).